**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| STEPHEN GRAY, et al., | Case No. 25-cv-07307-BLF |
| Plaintiffs, | |
| v. | **ORDER GRANTING MOTION TO DISMISS** |
| WARREN VERBANEC, et al., | [Re: ECF No. 6] |
| Defendants. | |

Before the Court is Defendant Warren Verbanec's motion to dismiss pro se Plaintiffs Stephen and Mikyong "Gina" Grays' complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 6 ("Mot.").[1] Plaintiffs filed a brief in opposition. ECF No. 13 ("Opp."). The Court finds that the motion is suitable for adjudication without oral argument and VACATES the hearing set for January 15, 2026. *See* Civ. L.R. 7-1(b). For the reasons that follow, the motion is GRANTED.

**I.   BACKGROUND**

This case arises out of an alleged conspiracy to deprive Ms. Gray "of her civil rights and her right to live free of harassment based on race, color, sex, national origin[,] and age." ECF No. 1 ("Compl.") at 4. In an incomplete form complaint, Plaintiffs allege that the Sunset Ridge Road Association, a "HOA [Homeowners' Association] (Road Association)" in Santa Cruz County, California, "perpetrated" "abuses." *Id.* The events giving rise to the claim have been

---

[1] The motion does not comply with the Court's standing orders because it contains single-spaced block quotations. *See* Standing Order re Civil Cases § IV.E. The Court will accept this nonconforming submission because the Motion to Dismiss was filed before the case was assigned to the undersigned but advises all Parties to review the Court's standing orders before filing any subsequent papers in this case.

1  ongoing for the last eleven years in Los Gatos, California. *Id.* Plaintiffs allege the stress caused
2  by the "continuous harassment" of Ms. Gray has led to her suffering from several physical and
3  mental health conditions. *See id.* at 5. Plaintiffs have also separately submitted a set of exhibits,
4  which they contend "include photographic evidence, documentation, and supporting materials
5  demonstrating the ongoing harassment, racial discrimination, intimidation, and financial
6  exploitation." ECF No. 3 at 1. Plaintiffs seek medical expenses and punitive damages. Compl.
7  at 5.
8        Plaintiffs describe the alleged "abuses" under the portion of the form complaint explaining
9  that 42 U.S.C. § 1983 authorizes suits only against defendants who have acted under color of state
10 law. Compl. at 4. The Court construes the complaint as alleging a § 1983 claim based on
11 violations of the Fair Housing Act, because Plaintiffs also cite 42 U.S.C. §§ 1981, 1982, 3601–
12 3619, and 1985(3). *See id.* The Court observes that the factual allegations relate only to
13 Ms. Gray—there are no factual allegations concerning Mr. Gray. Accordingly, the Court further
14 construes the complaint as bringing a single cause of action under § 1983, only as to Ms. Gray.

## II.   LEGAL STANDARD

### A.   Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They may only adjudicate those cases that the Constitution and Congress authorize, such as those involving diversity of citizenship or a federal question, or to which the United States is a party. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006); *see also Kelly v. Wengler*, 822 F.3d 1085, 1094 (9th Cir. 2016). The plaintiff bears the burden of establishing subject-matter jurisdiction, *Kokkonen*, 511 U.S. at 377, and a defendant may challenge a plaintiff's assertion of subject matter jurisdiction by motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. A facial jurisdictional challenge, as advanced here, asserts that even if assumed true, "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

### B. Rule 12(b)(6)

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Where a plaintiff proceeds pro se, the court "must 'construe the pleadings liberally'" and afford the plaintiff "the benefit of any doubt." *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). "A liberal construction of a pro se complaint, however, does not mean that the court will supply essential elements of a claim that are absent from the complaint." *Id.*

### C. Leave to Amend

In deciding whether to grant leave to amend, the Court considers the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003). The Ninth Circuit in *Eminence Capital* identified several factors to consider, including (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment. *Id.* at 1052.

## III. DISCUSSION

Mr. Verbanec moves for dismissal. First, he argues that the complaint does not plausibly allege a basis for federal question jurisdiction because it does not explain how he acted under color of law. Mot. at 5–8. Second, he contends that Plaintiffs have failed to state a claim. Mr. Verbanec also indicates at the beginning of his motion that he moves to dismiss under Rule 12(b)(4) of the Federal Rules of Civil Procedure on the ground that Plaintiffs did not obtain or serve summons. Other than this statement, however, Mr. Verbanec does not provide any

argument on this issue, so the Court need not consider it.[2] In opposition, Plaintiffs urge that the Court has subject matter jurisdiction and that the complaint alleges sufficient facts to state a claim. Opp. at 7–8.

Mr. Verbanec argues that nothing in the complaint "identifies any fact[] or theory about how a local private road homeowners association" gives rise to a plausible inference of the defendants having acted under color of state law. Mot. at 7. He argues that, as a consequence, the complaint does not identify any basis for federal jurisdiction. *Id.* at 5–8. Plaintiffs urge that "jurisdiction is clear," including because Defendants acted "jointly with local associations and attorneys." Opp. at 7.

In section III of his brief, Mr. Verbanec states that no federal jurisdiction exists or is alleged in the complaint because Plaintiffs have not alleged facts sufficient to show that Mr. Verbanec acted under color of state law. Mot. at 5. In fact, Mr. Verbanec seems to be arguing that Plaintiffs have not adequately alleged an essential element of their claim. *See id.* at 5–8. Accordingly, the Court construes Mr. Verbanec's brief as arguing that Plaintiffs have failed to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

To state a claim, a § 1983 plaintiff must allege facts sufficient to show (1) a person deprived him of a federal right; and (2) that the person depriving him of that right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). A defendant has acted under color of state law where he has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins,* 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Typically, private parties are not acting under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991).

Here, Plaintiffs have not alleged any facts explaining how Mr. Verbanec was acting under

---

[2] Throughout the motion, Mr. Verbanec also argues that this lawsuit should be dismissed because it was brought with the purpose of delaying ongoing state court cases. *See, e.g.*, Mot. at 7–8 ("Plaintiff should not be allowed to delay the state court cases by removing and refiling federal cases whenever they are not pleased with the status of their state court case."). Plaintiffs' motivations for filing this lawsuit—whatever they may be—are not the Court's concern.

4

color of state law. Indeed, Plaintiffs allege that the "Sunset Ridge Road Association," a private HOA, is responsible for the conduct. Compl. at 4. A private HOA is not a governmental entity, nor is it "the functional equivalent of a municipality or a purported 'quasi-governmental entity.'" *Kulick v. Leisure Village Ass'n*, No. 19-cv-07630-E, 2019 WL 4918265, at 2 (C.D. Cal. Oct. 2, 2019) (collecting cases). Plaintiffs' argument that "private individuals, attorneys, and county-affiliated actors acted in concert under the color of law," Opp. at 6, is belied by the complaint, which alleges no facts sufficient to support this inference. Accordingly, the Court finds that there are no facts in the complaint demonstrating that Mr. Verbanec (or any other defendant) acted under color of state law.

Even if Plaintiffs had alleged facts showing that Mr. Verbanec was acting under color of state law, the Court agrees with Mr. Verbanec that "the Grays fail to state a single act that any of the defendants (including Verbanec) did that violated their civil rights." Mot. at 8. The complaint is devoid of any plausible, specific factual allegations to support the conclusory claims of conspiracy and discrimination.

In sum, the complaint does not allege sufficient facts to state a claim. No factual allegations demonstrate that Mr. Verbanec was a state actor and was acting under color of state law. Other allegations in the complaint show that the HOA is private, so amendment would be futile. Accordingly, the complaint is DISMISSED as to Mr. Verbanec WITH PREJUDICE.

\*\*\*

Finally, the Court notes that Plaintiffs submitted roughly forty pages of exhibits "in support of" the complaint. ECF No. 3. These exhibits are unincorporated by reference and unexplained by any allegations in the complaint itself. Although the Court is mindful of its duty to liberally construe pro se complaints, the Court will not sift through attached exhibits to determine whether a claim may be stated based on attached material where the pleading itself does not state a claim. *See, e.g.*, *Stewart v. Nevada*, No. 09-cv-01063-PMP-GWF, 2011 WL 588485, at \*2 (D. Nev. Feb. 9, 2011).

IV. **ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that the complaint as to Mr. Verbanec is DISMISSED WITH PREJUDICE.

Dated: December 5, 2025

_____
BETH LABSON FREEMAN
United States District Judge