# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

|  |  |
|---|---|
| STEPHEN W GRAY, et al.,<br><br>Plaintiffs,<br>v.<br><br>JOHN DAVID ARENDS, et al.,<br><br>Defendants. | Case No.  25-cv-07307-BLF<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>[Re ECF No. 41] |

On February 27, 2026, Defendant Linda Kelly was dismissed from this action without prejudice because Plaintiffs had not submitted proof of alternative service by the February 11, 2026, deadline set by the Court.  ECF No. 37.  Now before the Court is Plaintiffs' motion for reconsideration of the dismissal of Linda Kelly from this action.  ECF No. 41.

Trial courts have inherent power to reconsider, set aside, or amend interlocutory orders at any time prior to entry of a final judgment.  Fed. R. Civ. P. 54(b).  The substantive standard governing reconsideration of an interlocutory order is the same as that which governs motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e).  Motions for reconsideration are disfavored and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law."  *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam) (internal quotation and citation omitted).

The Northern District of California also has local rules governing motions for reconsideration.  A motion for reconsideration may be made on three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the moving party did not know at the time of the order for which

reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments. Civ. L.R. 7-9(b).

In their motion for reconsideration, Plaintiffs represent that Defendant Linda Kelly was served by certified mail, and Plaintiffs attach two photographs of United States Postal Service receipts and a return receipt addressed to "Linda Kelley Becker" and signed by "Ralph Becker" on "12/Jan." *See* ECF Nos. 41; 41-1. As an initial matter, Plaintiffs do not argue or satisfy any of the grounds for a motion for reconsideration. For example, Plaintiffs do not contend that their proof of service is newly discovered evidence. In light of Plaintiffs' pro se status, however, the Court will construe the motion and attachments liberally and attempt to determine whether Linda Kelly in fact was served with process. From the documents submitted by Plaintiffs, the Court cannot make that determination. For example, the return receipt does not the list the year of signature; it reads "12/Jan." ECF No. 41-1 at 3. The Court also cannot make out any information from the photographs of the United States Postal Service receipts, such as their dates or the destinations of any documents sent. *Id.* at 1–2. The Court further observes that the photographs of the receipts appear to predate the Court's January 12, 2026, Order authorizing alternative service. *See* ECF No. 28. Accordingly, the motion for reconsideration is DENIED.

**IT IS SO ORDERED.**

Dated: March 16, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

2