**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

STEPHEN W GRAY, et al.,

Plaintiffs,

v.

JOHN DAVID ARENDS, et al.,

Defendants.

Case No.  25-cv-07307-BLF

**ORDER GRANTING MOTION FOR RECONSIDERATION; GRANTING REQUEST FOR ALTERNATIVE SERVICE; AND EXTENDING THE TIME TO COMPLETE SERVICE**

[Re ECF No. 46]

On February 27, 2026, Defendant Linda Kelly was dismissed from this action without prejudice because Plaintiffs had not submitted proof of alternative service by the February 11, 2026, deadline set by the Court.  ECF No. 37.  The Court denied Plaintiffs' first motion for reconsideration of that order on March 16, 2026, because Plaintiffs represented that Defendant Kelly had been served without submitting materials sufficient to make such a showing.  ECF No. 43.  Now before the Court is Plaintiffs' renewed motion for reconsideration of the dismissal of Defendant Kelly from this action.  ECF No. 46.  For the reasons that follow, the Court GRANTS the motion for reconsideration, GRANTS Plaintiffs' request for alternative service, and EXTENDS the time to complete service to 30 days from the date of this Order.

I.    **MOTION FOR RECONSIDERATION**

Trial courts have inherent power to reconsider, set aside, or amend interlocutory orders at any time prior to entry of a final judgment.  Fed. R. Civ. P. 54(b).  The substantive standard governing reconsideration of an interlocutory order is the same as that which governs motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e).  Motions for reconsideration are disfavored and "should not be granted, absent highly unusual circumstances,

unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam) (internal quotation and citation omitted).

The Northern District of California also has local rules governing motions for reconsideration. A motion for reconsideration may be made on three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the moving party did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments. Civ. L.R. 7-9(b).

In their renewed motion for reconsideration, Plaintiffs request (1) that the Court reconsider the dismissal of Defendant Kelly, (2) an extension of time to complete service, and (3) permission to serve by alternative means. ECF No. 46 at 1. Plaintiffs explain that they have made "multiple good faith efforts" to complete service at significant expense and detail the steps they took to serve process, including by retaining a professional process server. ECF Nos. 46; 46-1. The Court is satisfied by Plaintiffs' submission. Accordingly, the Court GRANTS Plaintiffs' motion for reconsideration and SETS ASIDE the dismissal of Linda Kelly from this action.

## II.    ALTERNATIVE SERVICE

Turning to Plaintiffs' request for alternative service, under Federal Rule of Civil Procedure 4(e)(1), a plaintiff may serve an individual located within the United States by using any method allowed by the law of the state in which the district court is located. Fed. R. Civ. P. 4(e)(1). Upon a showing of "reasonable diligence" in attempting to serve the defendant through the primary means of service specified in the California Civil Code of Procedure, a court may "direct that the summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that such proof of service be made as prescribed by the court." Cal. Code Civ. Proc. § 413.30; *Copeland v. Pham*, No. 25-cv-00113-JAK, 2025 WL 3158121, at *2 (C.D. Cal. Oct. 16, 2025). Here, Plaintiffs' motion justifies alternative service because Plaintiffs have detailed their good faith attempts to complete service,

United States District Court
Northern District of California

including through a professional process server.  ECF No. 46 at 1–4; *see Bhs Law LLP v. Worldex Indus. & Trading Co., Ltd.*, No. 25-cv-04471-SVK, 2025 WL 2300446, at *2 (N.D. Cal. June 30, 2025) ("Courts have found reasonable diligence usually includes a number of honest attempts to learn defendant's whereabouts or his addresses, and multiple attempts to effectuate service." (citations and internal quotation marks omitted)).  Accordingly, Plaintiffs' request for alternative service is GRANTED.

Even where a method of service of process is permitted by the Federal Rules, it must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" in order to comport with due process.  *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (citation omitted).  The Court finds that Plaintiffs must take two steps to complete alternative service that is reasonably calculated to give actual notice to Defendant Kelly.  *First*, Plaintiffs shall serve Defendant Kelly by United States First-Class Mail with postage prepaid and the return address clearly stated on the envelope.  This method of service is complete only once Plaintiffs submit proof of service to the Court.  *Second*, and in addition, Plaintiffs shall serve her by certified mail, return receipt requested.  This method of service is complete only upon Plaintiffs' submitting the return receipt to the Court along with a declaration showing service of the summons and complaint.  Plaintiffs must take both of the above steps.  To give Plaintiffs the opportunity to effect alternative service, the Court EXTENDS the deadline for service to 30 days from the date of this Order.

### III.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Plaintiffs' motion for reconsideration, ECF No. 46, is GRANTED and the dismissal of Defendant Kelly from this action is SET ASIDE.

(2) Plaintiffs' request for alternative service as to Defendant Kelly is GRANTED.  Within 30 days of the date of this Order, Plaintiffs SHALL take the two steps outlined below:

    a.   First, Plaintiffs SHALL serve Defendant Kelly by United States First-Class Mail with postage prepaid and the return address clearly stated on the envelope.

This method of service is complete only once Plaintiffs submit proof of service to the Court.

    b.  Second, Plaintiffs SHALL serve Defendant Kelly by certified mail, return receipt requested.  This method of service is complete only once Plaintiffs submit the return receipt to the Court along with a declaration showing service of the summons and complaint.

(3) Proofs of service SHALL be filed within 30 days of the date of this order, on or before **April 24, 2026**.

**IT IS SO ORDERED.**

Dated:  March 25, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

4