**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

STEPHEN W GRAY, et al.,

        Plaintiffs,

    v.

LINDA KELLY, et al.,

        Defendants.

Case No.  25-cv-07307-BLF

**ORDER DENYING PLAINTIFFS' EMERGENCY MOTION TO ENJOIN ENFORCEMENT OF STATE COURT JUDGMENT**

[Re:  ECF No. 61]

Plaintiffs have filed an Emergency Motion to Enjoin Enforcement of a State Court Judgment.  ECF No. 61 ("Mot.").  They argue that emergency relief is warranted because the enforcement of the state court judgment in Santa Cruz Superior Court Case No. 23-cv-00495 interferes with this Court's jurisdiction over the same underlying dispute.  *Id.* at 4.

## I.    LEGAL STANDARD

An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008).  A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."  *Winter*, 555 U.S. at 20.  "[I]f a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips *sharply* in the plaintiff's favor, and the other two *Winter* factors are satisfied."  *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).

United States District Court
Northern District of California

## II.    DISCUSSION

Plaintiffs contend that they are likely to succeed on the merits because they were deprived of a meaningful opportunity to respond before the state court judgment became enforceable.  Mot. at 4.  Plaintiffs have not shown a likelihood of success, or even "serious questions" going to the merits, because "[b]oth the *Rooker–Feldman* doctrine and the Anti–Injunction Act, 28 U.S.C. § 2283, bar this claim."  *Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007).

The *Rooker-Feldman* doctrine "bars federal courts from exercising subject-matter jurisdiction over a proceeding in 'which a party losing in state court' seeks 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'"  *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)).  "The clearest case for dismissal based on the *Rooker–Feldman* doctrine occurs when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'"  *Henrichs*, 474 F.3d at 614 (9th Cir. 2007) (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)).

Here, Plaintiffs ask this Court to "[e]njoin enforcement of the state court judgment in Santa Cruz Superior Court Case No. 23CV00495 pending resolution of this federal action."  Mot. at 5. This request for relief falls squarely within the *Rooker-Feldman* doctrine, as Plaintiffs are attempting to conduct a *de facto* appeal of the state court judgment.  Having been "called upon to review a state court decision," the Court concludes that it lacks jurisdiction to review, enjoin, or invalidate the state court's judgment.  *Doe & Assocs. Law Offs. v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (quoting *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 482 n.16 (1983)).

The relief Plaintiffs seek is also barred by the Anti-Injunction Act, which provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  The Anti-Injunction Act precludes federal injunctive relief where, as in this case, Plaintiffs seek "injunctions against the execution or enforcement of state judgments."  *Henrichs*, 474 F.3d at 616.   While Plaintiffs aver that the state

court proceedings interfere with this Court's ability to resolve the instant case, Mot. at 4, they provide no support for their contention.  Accordingly, the Court is not persuaded that any of the Anti-Injunction Act's "narrow" exceptions apply.  *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988).

**III.   ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiffs' Emergency Motion to Enjoin Enforcement of State Court Judgment, ECF No. 61, is DENIED.

Dated:  April 20, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

3