United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

STEPHEN GRAY, et al.,

          Plaintiffs,

     v.

JOHN DAVID ARENDS, et al.,

          Defendants.

Case No.  25-cv-07307-BLF

**ORDER GRANTING JOHN DAVID ARENDS AND WALTER JOE FANT'S MOTIONS TO DISMISS**

[Re:  ECF Nos. 29, 42]

Before the Court are two motions.  The first is Defendant John David Arends's motion to dismiss *pro se* Plaintiffs Stephen and Mikyong "Gina" Grays' complaint pursuant to Rule 12(b)(1), Rule 12(b)(4), and Rule 12(b)(6) of the Federal Rules of Civil Procedure.  ECF No. 29 ("Arends Mot."); *see also* ECF No. 40 ("Arends Reply").  The second is Defendant Walter Joe Fant's motion to dismiss pursuant to Rule 12(b)(1), Rule 12(b)(4), Rule 12(b)(5), and Rule 12(b)(6) of the Federal Rules of Civil Procedure.  ECF No. 42 ("Fant Mot."); *see also* ECF No. 56 ("Fant Reply").  Plaintiffs oppose both motions.  ECF No. 39 ("Arends Opp.")[1]; ECF No. 44 ("Fant Opp.").  The Court finds that the motions are suitable for resolution without oral argument and VACATES the hearings set for June 4, 2026, and July 9, 2026, respectively.  *See* Civ. L.R. 7-1(b).  For the reasons that follow, the Court GRANTS Defendants' motions.

I.    **BACKGROUND**

    A.    **Facts**

    This case arises out of an alleged conspiracy to deprive Ms. Gray "of her civil rights and

_____

[1] Plaintiffs have styled their brief in opposition to Mr. Arends's motion as an "Opposition to Defendant Linda Kelley's [sic] Motion to Dismiss."  *See* Opp.  Linda Kelly did not file a motion to dismiss (and has not yet appeared in the case).  The Court will thus construe Plaintiffs' opposition brief as an opposition to Mr. Arends's motion.

her right to live free of harassment based on race, color, sex, national origin[,] and age." ECF No. 1 ("Compl.") at 4. In an incomplete form complaint, Plaintiffs allege that the Sunset Ridge Road Association, a "HOA [Homeowners' Association] (Road Association)" in Santa Cruz County, California, "perpetrated" "abuses." *Id.* The events giving rise to the claim have been ongoing for the last eleven years in Los Gatos, California. *Id.* Plaintiffs allege the stress caused by the "continuous harassment" of Ms. Gray has led to her suffering from several physical and mental health conditions. *See id.* at 5. Plaintiffs seek medical expenses and punitive damages. *Id.* at 5.

Plaintiffs describe the alleged "abuses" under the portion of the form complaint explaining that 42 U.S.C. § 1983 authorizes suits only against defendants who have acted under color of state law. *Id.* at 4. The Court construes the complaint as alleging a § 1983 claim based on violations of the Fair Housing Act, because Plaintiffs also cite 42 U.S.C. §§ 1981, 1982, 3601–3619, and 1985(3). *See id.* The Court observes that the factual allegations relate only to Ms. Gray—there are no factual allegations concerning Mr. Gray. Accordingly, the Court further construes the complaint as bringing a single cause of action under § 1983, only as to Ms. Gray.

**B.   Procedural History**

The Complaint was filed on August 29, 2025. On September 29, 2025, another Defendant in the case (Warren Verbanec) filed a motion to dismiss. ECF No. 6. The Court granted the motion and dismissed the complaint with prejudice as to Mr. Verbanec because the complaint did not allege sufficient facts to state a claim and the Court determined that amendment would be futile. ECF No. 21.

On December 1, 2025, the Court issued an order to show cause as to why the remaining Defendants should not be dismissed for failure to effect service of process within the time provided under Federal Rule of Civil Procedure 4(m). ECF No. 20. Plaintiffs submitted a response in which they represented that they "previously filed the executed Proof of Service documents for all defendants with the Clerk of the Court," and "relied on the Clerk's confirmation that all required service documents had been properly filed." ECF No. 22 at 2. In discharging the order to show cause, the Court determined that, according to the documents submitted by

United States District Court
Northern District of California

Plaintiffs, Mr. Arends had been served by personal service on October 3, 2025.  ECF No. 23.

Separately, the Court extended the deadline for Plaintiffs to serve Mr. Fant via alternative service.  ECF No. 28.  On January 29, 2026, Plaintiffs submitted a return receipt as proof of service as to Mr. Fant, asserting that service was completed on January 14, 2026.  ECF No. 31.

## II.   LEGAL STANDARD

### A.   Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  They may only adjudicate those cases that the Constitution and Congress authorize, such as those involving diversity of citizenship or a federal question, or to which the United States is a party.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006); *see also Kelly v. Wengler*, 822 F.3d 1085, 1094 (9th Cir. 2016).  The plaintiff bears the burden of establishing subject matter jurisdiction, *Kokkonen*, 511 U.S. at 377, and a defendant may challenge a plaintiff's assertion of subject matter jurisdiction by motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

### B.   Rule 12(b)(4) and Rule 12(b)(5)

A federal court lacks personal jurisdiction over a defendant if service of process is insufficient.  *See Omni Capital Int'l v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987).  Under Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure, a party may bring a motion to dismiss for "insufficient process" and "insufficient service of process," respectively.  While a Rule 12(b)(4) motion challenges the sufficiency of the content of the summons, a Rule 12(b)(5) motion challenges the method of service attempted by the plaintiff.  "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

### C.   Rule 12(b)(6)

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).  While a complaint need not contain detailed factual allegations, it

United States District Court
Northern District of California

"must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Where a plaintiff proceeds *pro se*, the court "must 'construe the pleadings liberally'" and afford the plaintiff "the benefit of any doubt." *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). "A liberal construction of a *pro se* complaint, however, does not mean that the court will supply essential elements of a claim that are absent from the complaint." *Id.*

### D.    Leave to Amend

In deciding whether to grant leave to amend, the Court considers the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003). The Ninth Circuit in *Eminence Capital* identified several factors to consider, including (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment. *Id.* at 1052.

### III.    MR. ARENDS'S MOTION TO DISMISS

Mr. Arends moves for dismissal on several grounds. First, he argues that the complaint does not plausibly allege a basis for federal question jurisdiction because it does not explain how he acted under color of law. Arends Mot. at 4–6. Second, he charges that Plaintiffs failed to effect proper service of process. *Id.* at 6–7. Third, he contends that Plaintiffs have failed to state a claim. *Id.* at 7–9. In opposition, Plaintiffs urge that the Court has subject matter jurisdiction, service of process was effectuated in good faith and any technical defect has been cured, and the complaint alleges sufficient facts to state a claim. Arends Opp. at 2–4.

In section III.a. of his brief, Mr. Arends states that there is no subject matter jurisdiction because Plaintiffs have not alleged facts sufficient to show that Mr. Arends acted under color of state law. Arends Mot. at 4–6. Mr. Arends, in fact, appears to argue that Plaintiffs have not adequately alleged an essential element of their § 1983 claim. Accordingly, the Court construes

United States District Court
Northern District of California

4

Mr. Arends's challenge to subject matter jurisdiction as asserting that Plaintiffs have failed to state a claim pursuant to Rule 12(b)(6). Because Mr. Arends's "color of state law" argument is thus not jurisdictional, the Court turns to Mr. Arends's contention that he was not properly served, which is. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant.").

Mr. Arends contends that he was not properly served with the summons for this matter; Plaintiffs instead provided him with a copy of a complaint for an unrelated case in Indiana. Arends Mot. at 7. Because Mr. Arends challenges the adequacy of Plaintiffs' service of process, the burden shifts to Plaintiffs to establish that service was valid under Rule 4. *See Brockmeyer*, 383 F.3d at 801. While Plaintiffs represent that they "expended significant time and financial resources to ensure" proper service of process and insist that Mr. Arends "has actual notice of the action and suffers no prejudice," Arends Opp. at 3, Plaintiffs have not met their burden to establish that service was proper. *See* Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint."). For example, Plaintiffs have not attached evidence that Mr. Arends was, in fact, served with a copy of the summons and complaint for this action. Nor does the proof of service initially filed by Plaintiffs include sufficient information about the documents provided to Mr. Arends for the Court to determine whether service was valid. *See* ECF No. 22 at 13–14. Moreover, actual notice of the lawsuit does not cure defective service. *See Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982). Because Plaintiffs have not met their burden, the Court GRANTS Mr. Arends's motion.

However, the Court finds that the remedy of dismissal of Plaintiffs' complaint as requested by Mr. Arends is not appropriate as it appears that service can be corrected. *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) ("[T]he district court has discretion to dismiss an action or to quash service."). Instead, the Court will quash service as to Mr. Arends and grant Plaintiffs 30 days to effect service of process. Finding that Plaintiffs have exercised reasonable diligence in attempting service, the Court *sua sponte* authorizes Plaintiffs to effect alternative service pursuant to Rule 4(e)(1) and Cal. Code Civ. Proc. § 413.30.

5

Plaintiffs must take two steps to complete alternative service that comports with due process. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). *First*, Plaintiffs shall serve Mr. Arends **with a copy of the summons and complaint in this action** by United States First-Class Mail with postage prepaid and the return address clearly stated on the envelope. This method of service is complete only once Plaintiffs submit proof of service to the Court. *Second*, and in addition, Plaintiffs shall serve Mr. Arends with a **copy of the summons and complaint in this action** by certified mail, return receipt requested. This method of service is complete only upon Plaintiffs' submitting the return receipt to the Court along with a declaration showing service of the summons and complaint. Plaintiffs must take both of the above steps to satisfy their service obligation.

Because the Court grants the motion on insufficient service of process grounds, the Court does not reach the Parties' arguments as to the merits.

## IV.   MR. FANT'S MOTION TO DISMISS

In support of his motion to dismiss, Mr. Fant makes several arguments. First, he asserts that the complaint does not adequately allege a basis for federal question jurisdiction because it does not explain how the Defendants acted under color of law. Fant Mot. at 5–6. Second, he contends that Plaintiffs failed to effectuate proper service of process. *Id.* at 7–10. Third, he urges that Plaintiffs have failed to state a claim. *Id.* at 10–12. Plaintiffs respond that they have stated a valid claim under § 1983 and Mr. Fant's motion is an improper invitation to resolve factual issues. Fant Opp. at 3.

In section III.a. of his brief, Mr. Fant (like Mr. Arends) states that the Court lacks subject matter jurisdiction because Plaintiffs have not stated facts sufficient to show that Defendants acted under color of state law. Fant Mot. at 5–6. Rather than a challenge to subject matter jurisdiction, Mr. Fant's argument is better understood as asserting that Plaintiffs have not adequately alleged an essential element of their § 1983 claim. Accordingly, the Court construes Mr. Fant's first contention as arguing that Plaintiffs have failed to state a claim pursuant to Rule 12(b)(6). The Court thus begins with Mr. Fant's contention that he was not properly served, a jurisdictional issue. *See Murphy Bros.*, 526 U.S. at 350.

Mr. Fant asserts that Plaintiffs never served him with a copy of the summons and complaint, instead sending him the Order Regarding Service of Process and Discharging Order to Show Cause (ECF No. 23).  Fant Mot. at 7; *see also* Declaration of Walter Joe Fant in Support of Motion to Dismiss and Joinder, ECF No. 42-2 ("Fant Decl.") ¶ 6 & Ex. B.  Mr. Fant further states that to date, he has not been served with a copy of the summons or complaint in this action.  Fant Decl. ¶ 10.  Because Mr. Fant challenges the adequacy of the service of process, the burden shifts to Plaintiffs to establish that service was valid under Rule 4.  *See Brockmeyer*, 383 F.3d at 801.  Plaintiffs offer no response.  Accordingly, the Court GRANTS Mr. Fant's motion.

The Court again finds that dismissal of Plaintiffs' complaint is not appropriate as it is likely that service can be corrected.  *S.J.*, 470 F.3d at 1293.  The Court will thus quash service as to Mr. Fant and grant Plaintiffs 30 days to effect proper service.  Finding that Plaintiffs have exercised reasonable diligence in attempting service, the Court *sua sponte* authorizes Plaintiffs to effect alternative service pursuant to Rule 4(e)(1) and Cal. Code Civ. Proc. § 413.30.

The Court finds that Plaintiffs must take two steps to complete alternative service that comports with due process.  *See Rio Props.*, 284 F.3d at 1016.  *First*, Plaintiffs shall serve Mr. Fant **with a copy of the summons and complaint in this action** by United States First-Class Mail with postage prepaid and the return address clearly stated on the envelope.  This method of service is complete only once Plaintiffs submit proof of service to the Court.  *Second*, and in addition, Plaintiffs shall serve Mr. Fant with a **copy of the summons and complaint in this action** by certified mail, return receipt requested.  This method of service is complete only upon Plaintiffs' submitting the return receipt to the Court along with a declaration showing service of the summons and complaint.  Plaintiffs must take both of the above steps to satisfy their service obligation.

Because the Court grants the motion on insufficient service of process grounds, the Court does not reach the Parties' arguments as to the merits.

**V.  ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

(1) John David Arends and Walter Joe Fant's motions are GRANTED.  Service is QUASHED as to Mr. Arends and Mr. Fant.  Defendants' motions are DENIED to the extent they request dismissal of the complaint.

(2) The Court AUTHORIZES alternative service as to Mr. Arends and Mr. Fant.  Within 30 days of the date of this Order, Plaintiffs SHALL take the two steps outlined below:

    a.  First, Plaintiffs SHALL serve Mr. Arends and Mr. Fant by United States First-Class Mail with postage prepaid and the return address clearly stated on the envelope.  This method of service is complete only once Plaintiffs submit proof of service to the Court.

    b.  Second, Plaintiffs SHALL serve Mr. Arends and Mr. Fant by certified mail, return receipt requested.  This method of service is complete only once Plaintiffs submit the return receipt to the Court along with a declaration establishing service of the summons and complaint.

(3) Proofs of service SHALL be filed within 30 days of the date of this order, on or before **May 25, 2026.**

(4) The Court has given Plaintiffs multiple extensions to effect valid service of process and authorized alternative service more than once.  *See* ECF Nos. 23, 28, 47.  The Court advises Plaintiffs that any future failure to effectuate valid service will result in a final dismissal of the defendants without further notice.

Dated:  April 23, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

8