United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

STEPHEN GRAY, et al.,
Plaintiffs,
v.
JOHN DAVID ARENDS, et al.,
Defendants.

Case No. 25-cv-07307-BLF

**ORDER GRANTING MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND**

[Re: ECF Nos. 66, 87]

Before the Court are two motions. The first is *pro se* Defendant Linda Kelley's motion to dismiss *pro se* Plaintiffs Stephen Gray and Mikyong "Gina" Gray's complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] ECF No. 66 (motion); *see also* ECF No. 68 (memorandum of points and authorities); ECF No. 82 (reply brief). Plaintiffs oppose the motion. ECF No. 79 (opposition).

The second is Defendants John David Arends and Walter Joe Fant's motion to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* ECF No. 87 (motion). Plaintiffs have not filed a response. *See* ECF No. 91 (notice of non-opposition).

The Court finds the motions suitable for resolution without oral argument and VACATES the hearings set for August 20, 2026, and October 1, 2026. *See* Civil L.R. 7-1(b). For the reasons set forth below, the Court GRANTS Defendants' motions.

## I. BACKGROUND

### A. Facts

This case arises out of an alleged conspiracy to deprive Ms. Gray "of her civil rights and

[1] Although this motion originally was brought by Defendant Linda Kelley and Ralph Becker, the Court has since clarified that Ralph Becker is dismissed from this action. ECF No. 71.

her right to live free of harassment based on race, color, sex, national origin[,] and age." ECF No. 1 ("Compl.") at 4. Plaintiffs name as defendants Warren Verbanec, Linda Kelley,[2] John David Arends, and Walter Joe Fant. In a form complaint, Plaintiffs allege that the Sunset Ridge Road Association, a "HOA [Homeowners' Association] (Road Association)" in Santa Cruz County, California, "perpetrated" "abuses." *Id.* The events giving rise to the claim have been allegedly ongoing for the last eleven years in Los Gatos, California. *Id.* Plaintiffs allege the stress caused by the "continuous harassment" of Ms. Gray has led to her suffering from several physical and mental health conditions. *See id.* at 5. Plaintiffs seek medical expenses and punitive damages. *Id.* at 5.

Plaintiffs describe the alleged "abuses" under the portion of the form complaint explaining that 42 U.S.C. § 1983 authorizes suits only against defendants who have acted under color of state law. Compl. at 4. The Court construes the complaint as alleging a § 1983 claim based on violations of the Fair Housing Act because Plaintiffs also cite 42 U.S.C. §§ 1981, 1982, 3601–3619, and 1985(3). *See id.* The Court observes that the factual allegations relate only to Ms. Gray, and that there are no factual allegations concerning Mr. Gray. Accordingly, the Court further construes the complaint as bringing a single cause of action under § 1983, only as to Ms. Gray.

The Court notes that, throughout the pendency of this litigation, Plaintiffs have submitted various compilations of exhibits, presumably in support of the complaint. *See, e.g.*, ECF No. 3. These exhibits are unincorporated by reference and unexplained by any allegations in the complaint. Although the Court is mindful of its duty to liberally construe *pro se* complaints, the Court will not sift through collections of documents to determine whether a claim may be stated based on attached material where the pleading itself does not state a claim. *See, e.g.*, *Stewart v. Nevada*, No. 09-cv-01063-PMP-GWF, 2011 WL 588485, at *2 (D. Nev. Feb. 9, 2011).

**B. Procedural History**

The Complaint was filed on August 29, 2025. On September 29, 2025, another Defendant

[2] Although Plaintiffs identify Ms. Kelley as "Linda Kelly," Compl. at 3, Ms. Kelley has clarified the spelling of her name in her motion, *see* ECF No. 68 at 3.

United States District Court
Northern District of California

in the case (Mr. Verbanec) filed a motion to dismiss. ECF No. 6. The Court granted the motion and dismissed the complaint with prejudice as to Mr. Verbanec because the complaint did not allege sufficient facts to state a claim and amendment was futile. ECF No. 21. The remaining defendants in the case, Ms. Kelley, Mr. Arends, and Mr. Fant, all move to dismiss.

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They may only adjudicate those cases that the Constitution and Congress authorize, such as those involving diversity of citizenship or a federal question, or to which the United States is a party. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006); *see also Kelly v. Wengler*, 822 F.3d 1085, 1094 (9th Cir. 2016). The plaintiff bears the burden of establishing subject matter jurisdiction, *Kokkonen*, 511 U.S. at 377, and a defendant may challenge a plaintiff's assertion of subject matter jurisdiction by motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

### B. Rule 12(b)(6)

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Where a plaintiff proceeds *pro se*, the court "must 'construe the pleadings liberally'" and afford the plaintiff "the benefit of any doubt." *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). "A liberal construction of a *pro se* complaint, however, does not mean that the court will supply essential elements of a claim that are absent from the complaint." *Id.*

United States District Court
Northern District of California

**C. Leave to Amend**

In deciding whether to grant leave to amend, the Court considers the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003). The Ninth Circuit in *Eminence Capital* identified several factors to consider, including (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment. *Id.* at 1052.

## III. LINDA KELLEY'S MOTION TO DISMISS

Ms. Kelley moves to dismiss the complaint on two grounds. First, she argues that the complaint lacks concrete claims. ECF No. 68 at 3–6. Second, she asserts that there is no federal subject matter jurisdiction because Plaintiffs have not adequately alleged their single federal claim under § 1983. *Id.* at 6–7.[3] Ms. Kelley's argument as to subject matter jurisdiction is, in essence, a repackaging of her first argument that Plaintiffs have failed to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Accordingly, the Court evaluates whether Plaintiffs have stated a claim.

As an initial matter, Ms. Kelley observes that Plaintiffs bring a single claim under 42 U.S.C. § 1983, although other statutes are cited in the complaint without further explanation. ECF No. 68 at 4. Plaintiffs respond that, in fact, the complaint states claims under (1) 42 U.S.C. § 1985(3) (for conspiracy to deprive civil rights based on Korean national origin); (2) the Fair Housing Act, 42 U.S.C. §§ 3604(b) and 3617 (for discrimination in housing based on national origin); and (3) 42 U.S.C. § 1981 (for interference with Plaintiffs' contractual rights and equal access to services on the basis of race). ECF No. 79 at 3. Of note, Plaintiffs do not even assert that they bring a claim under § 1983 in their opposition brief.

Ms. Kelley's reading of the complaint is consistent with how the Court has construed the complaint in prior orders. *See* ECF No. 21 at 2 (construing the complaint as alleging a single § 1983 claim based on violations of the Fair Housing Act); ECF No. 64 at 2 (same). And given

[3] For completeness, Ms. Kelley also correctly observes that there is no basis from which to find diversity jurisdiction, because all of the parties are citizens of California.

that the only allegations of misconduct in the complaint are connected to a claim for § 1983, the Court adheres to its prior rulings and construes the complaint as asserting a single cause of action under § 1983. Plaintiffs cannot evade the confines of the complaint by shifting theories and asserting new causes of action in motion papers. Although the only claim asserted in the complaint is a § 1983 claim, for the avoidance of doubt, the Court will analyze whether Plaintiffs have stated a claim under the other statutes that Plaintiffs cite.

**A. 42 U.S.C. § 1983**

Beginning with § 1983, a plaintiff must allege facts sufficient to show (1) a person deprived him of a federal right; and (2) that the person depriving him of that right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). A defendant has acted under color of state law where he has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins,* 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Typically, private parties are not acting under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991).

Here, as Ms. Kelley correctly argues, *see* ECF No. 68 at 4, Plaintiffs have not alleged any facts explaining how she was acting under color of state law. Indeed, Plaintiffs state that the "Sunset Ridge Road Association," a private HOA, is responsible for the conduct. Compl. at 4. A private HOA is not a governmental entity, nor is it "the functional equivalent of a municipality or a purported 'quasi-governmental entity.'" *Kulick v. Leisure Vill. Ass'n*, No. 19-cv-07630-E, 2019 WL 4918265, at *2 (C.D. Cal. Oct. 2, 2019) (collecting cases). Plaintiffs make no attempt to explain how the allegations in the complaint support a plausible inference that either Ms. Kelley or any member of the Sunset Ridge Road Association was acting under color of law. Accordingly, the § 1983 claim is subject to dismissal.

For completeness, the Court briefly addresses causes of action not expressly asserted by the complaint but that Plaintiffs purport to have alleged in opposition Ms. Kelley's motion to dismiss.

**B. 42 U.S.C. § 1985(3)**

Ms. Kelley argues that Plaintiffs have not sufficiently stated a claim under 42 U.S.C. § 1985(3). ECF No. 68 at 5–6. Plaintiffs respond that Ms. Kelley personally participated in a conspiracy to deprive them of their civil rights. ECF No. 79 at 2.

Although the Court finds that the complaint does not bring a claim under § 42 U.S.C. § 1985(3), the complaint includes a passing citation to the statute, which creates a civil action where two or more persons "conspire . . . for the purpose of depriving" the injured person of "the equal protection of the laws, or of equal privileges and immunities under the laws" and take or cause to be taken "any act in furtherance of the object of such conspiracy." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir. 2005) (quoting 42 U.S.C. § 1985(3)). "The language requiring intent to deprive of equal protection . . . means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).

The complaint alleges that "[t]he individuals named in this complaint conspired" to deprive Ms. Gray "of her civil rights and her right to live free of harassment based on race, color, sex, national origin and age." Compl. at 4. As Ms. Kelley correctly argues, ECF No. 68 at 5, the complaint states no specific factual allegations that would support a plausible inference of such a conspiracy or her participation therein. Although Plaintiffs make a litany of new factual assertions in their opposition brief, "[i]n determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. Cal. Dept. of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

Even if the Court could consider Plaintiffs' novel factual allegations, Plaintiffs do not identify facts that, if true, would plausibly give rise to an inference of invidious discriminatory animus on the part of Ms. Kelley. For example, Plaintiffs assert that Ms. Kelley and others "took turns blocking the road whenever contractors or guests arrived at Plaintiffs' property." ECF No. 79 at 2. This allegation does not give rise to a plausible inference that Ms. Kelley's conduct was motivated by animus or discriminatory intent, as is required to state a claim under § 1985(3).

In sum, the Court concludes that Plaintiffs have failed to state a claim of civil rights conspiracy under § 1985(3) and have provided no indication that they could potentially bring such a claim. Accordingly, amending the complaint with the facts asserted in the opposition would be futile as to a § 1985(3) claim.

**C. Fair Housing Act**

In opposition to Ms. Kelley's motion to dismiss, Plaintiffs assert that they state a claim under the Fair Housing Act. ECF No. 79 at 3.

In the complaint, Plaintiffs cite the entirety of the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601–3619, without further explanation. Compl. at 4. Under the FHA, "it is the policy of the United States to provide, within constitutional limitations, for fair housing throughout the United States." 42 U.S.C. § 3601. And in the complaint, Plaintiffs do not identify what provision of the code is at issue, let alone state a single factual allegation that relates to their rights under the FHA. Any claim purportedly brought under the FHA is plainly deficient.

Nonetheless, in their opposition brief, Plaintiffs try to narrow their "claim" to two code sections: 42 U.S.C. §§ 3604(b) and 3617. ECF No. 79 at 3. Setting aside the significant prejudice to the Defendants caused by Plaintiffs' identifying the relevant provisions only in opposition to a motion to dismiss—as Defendants have expended time and resources responding to the complaint as drafted—the Court will briefly discuss the provisions that Plaintiffs cite.

Section 3604(b) of the FHA makes it unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race," among other classifications. 42 U.S.C. § 3604(b). Ms. Kelley responds she has never been involved in the sale or rental of any dwelling in connection with Plaintiffs. *See* Reply at 3. Although the Court disregards Ms. Kelley's declaration, she is correct that there are no allegations in the complaint or the response alleging that Ms. Kelley could plausibly be liable under the FHA. Any purported claim under § 3604(b) is insufficiently pled, and Plaintiffs have not included any factual allegations that persuade the Court that they could state such a claim.

Section 3617 of the FHA makes it "unlawful to coerce, intimidate, threaten, or interfere

with any person in the exercise or enjoyment of . . . any right granted or protected by" sections 3603–3606 of the FHA. 42 U.S.C. § 3617. Again, Plaintiffs have failed to identify any FHA right that the Defendants have interfered with. Thus, they have not stated claim under this section, nor have they offered any indication that such a claim should be brought.

**D. 42 U.S.C § 1981**

Finally, Plaintiffs assert that they state a claim under 42 U.S.C. § 1981 for interference with Plaintiffs' contractual rights and equal access to services based on race. ECF No. 79 at 3.

Section 1981 protects against the impairment of the right to make and enforce contracts. 42 U.S.C. § 1981. A § 1981 plaintiff "must show intentional discrimination on account of race." *Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir. 1989). Here, the complaint includes a citation to this code section without further explanation and without stating facts that support such a claim. Furthermore, as the Court explains above in the discussion of 42 U.S.C. § 1985(3), Plaintiffs have not alleged any facts—in the complaint, or in their opposition brief—showing intentional discrimination based on race. Accordingly, the Court concludes that Plaintiffs have not stated a clam under § 1981, and the Court further finds that Plaintiffs have not offered any indication that such a claim could be stated.

* * *

Plaintiffs have failed to state a claim under § 1983, the sole claim asserted in the complaint. No factual allegations demonstrate that Ms. Kelley was a state actor or was otherwise acting other color of state law. Other allegations in the complaint show that the HOA is private, so amending the § 1983 claim would be futile. The Court also finds that Plaintiffs have failed to state—and could not plausibly state—any other claim described in the opposition brief. As amendment would be futile, the motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND. The complaint is DISMISSED as to Ms. Kelley WITH PREJUDICE.

## IV. JOHN DAVID ARENDS AND WALTER JOE FANT'S MOTION TO DISMISS

John David Arends and Walter Joe Fant also move to dismiss. First, they argue that the complaint does not plausibly allege a basis for federal question jurisdiction because it does not explain how either Defendant acted under color of law. ECF No. 87 at 4–6. Second, they argue

that Plaintiffs have failed to state a claim. *Id.* at 6–8. Plaintiffs have not filed a response in opposition.

Beginning with the existence of subject matter jurisdiction, Mr. Arends and Mr. Fant correctly argue that as all of the parties are residents of California, there is no basis to assert diversity jurisdiction. ECF No. 87 at 5. They also argue that there is no federal question jurisdiction because there is no basis from which to infer that Defendants acted under color of state law, and accordingly Plaintiffs' sole claim brought under § 1983 fails. *Id.* at 5–6. Mr. Arends and Mr. Fant are, at bottom, arguing that Plaintiffs have not adequately alleged an essential element of their § 1983 claim.

As the Court explains above, a § 1983 plaintiff must allege facts sufficient to show (1) a person deprived him of a federal right; and (2) that the person depriving him of that right acted under color of state law. *See Gomez*, 446 U.S. at 640. Here, Plaintiffs have not alleged any facts explaining how Mr. Arends and Mr. Fant were acting under color of state law. Plaintiffs allege that the "Sunset Ridge Road Association," which is a private HOA, is responsible for the conduct. Compl. at 4. As discussed above, a private HOA is not a governmental entity. Nor are there any other facts in the complaint raising a plausible inference that Mr. Arends or Mr. Fant acted under color of state law.

Even if Plaintiffs had alleged facts showing that Mr. Arends or Mr. Fant were acting under color of state law, the Court agrees with Defendants that the complaint does not plausibly allege that Defendants violated Plaintiffs' rights. *See* ECF No. 87 at 7. Indeed, the complaint is devoid of any plausible, specific factual allegations to support the conclusory claims of conspiracy and discrimination.

For the sake of completeness, and as the Court explains above in detail in connection with Ms. Kelley's motion to dismiss, the Court finds that the complaint does not allege sufficient facts to state a claim under 42 U.S.C. § 1985(3), the FHA, or 42 U.S.C. § 1981, the other provisions referenced in Plaintiffs' opposition to Ms. Kelley's motion. *See supra* section III.B–D. Nor have Plaintiffs offered any indication that additional facts could be added to the complaint to state a valid claim under those statutes.

United States District Court
Northern District of California

In sum, the complaint does not allege sufficient facts to state a § 1983 claim. No factual allegations demonstrate that Mr. Arends or Mr. Fant were state actors and were acting under color of state law. Other allegations in the complaint show that the HOA is private, so amendment would be futile as to the § 1983 claim. Moreover, the complaint does not state a claim under 42 U.S.C. § 1985(3), the FHA, or 42 U.S.C. § 1981, and Plaintiffs have not offered any indication that additional facts could be added to state a claim under any of those provisions. Accordingly, the complaint is DISMISSED as to Mr. Arends and Mr. Fant WITH PREJUDICE.

## V. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

(1) Ms. Kelley's motion to dismiss, ECF No. 66, is GRANTED WITHOUT LEAVE TO AMEND, and the complaint is DISMISSED WITH PREJUDICE as to Ms. Kelley.

(2) Mr. Arends and Mr. Fant's motion to dismiss, ECF No. 87, is GRANTED WITHOUT LEAVE TO AMEND, and the complaint is DISMISSED WITH PREJUDICE as to Mr. Arends and Mr. Fant.

Dated: July 30, 2026

BETH LABSON FREEMAN
United States District Judge